# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist RUSSELL O. DeGEORGE**
**United States Army, Appellant**

ARMY 20110355

Fort Campbell Installation
Timothy Grammel, Military Judge
Lieutenant Colonel Joseph B. Morse, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, Jr., JA; Captain Kristin McGrory, JA.

For Appellee:  Major Amber J. Williams, JA.

31 January 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his plea, of possession of child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ].  Appellant was sentenced to a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction in rank to Private E1.  Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence to confinement as provided for twelve months and otherwise approved the adjudged sentence.   The convening authority waived the automatic forfeiture of all pay and allowances for a period of six months, effective 29 June 2011.  This case is before us for review pursuant to Article 66, UCMJ.

On consideration of the entire record, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find appellant's arguments to be without merit.  The findings of guilty are affirmed and, except for that part of the sentence that includes forfeiture of all pay and

DeGEORGE—ARMY 20110355

allowances, the court affirms the sentence.* All rights, privileges, and property, of which appellant was deprived by virtue of that portion of his sentence being set aside by this decision, are hereby ordered restored. *See* UCMJ arts. 58(b) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

* The convening authority approved appellant's request for deferment of automatic and adjudged forfeitures until action and waiver of forfeitures for a six-month period after action. Subsequently, the waiver of forfeitures for the benefit of appellant's spouse was restated in the convening authority's action. However, the action also approved the adjudged sentence, which included total forfeiture of pay and allowances, thus leaving no pay and allowances to waive for the benefit of appellant's spouse. The staff judge advocate provided erroneous advice to the convening authority that led to the conflicting action. In order to effectuate the clear intent of the convening authority and in the spirit of judicial economy, we set aside that portion of the sentence that included total forfeiture of pay and allowances.